UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MOHAMMAD ISLAMUDDIN,

Petitioner,

v.

U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT DETROIT FIELD OFFICE DIRECTOR,

Respondent.

Case No. 1:26-cv-2959

Honorable Jane M. Beckering

# OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee, initiated this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will deny the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## Discussion

### I. Procedural History

The habeas petition challenges the lawfulness of Petitioner's current detention and asks the Court to issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondent to release Petitioner. (Pet., ECF No. 1, PageID.7.) In an order entered on October 20, 2026, the Court directed Respondent to show cause why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 3.) Respondent filed a response on November 3, 2026. (ECF No. 7.)

## II. Relevant Factual Background

Petitioner is a native and citizen of Afghanistan who entered the United States in 2023. (Shukur Decl. ¶ 4, ECF No. 7-1, PageID.27.) On January 22, 2026, Petitioner was arrested by ICE agents. (*Id.* ¶ 7, PageID.28.) On April 27, 2026, an Immigration Judge ordered Petitioner removed from the United States. (*Id.* ¶ 8.) Petitioner did not appeal that order. (*Id.*)

On June 20, 2026, ICE submitted a request for a travel document for Petitioner. (*Id.* ¶ 9.) On October 29, 2026, Petitioner was transferred to the Central Louisianna ICE Processing Center for removal to Afghanistan, currently scheduled for November 16, 2026. (*Id.* ¶ 15, PageID.29.)

## III. Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers upon the federal courts the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## IV. Merits Discussion

The parties agree that Petitioner's detention is governed by 8 U.S.C. § 1231 because Petitioner is subject to a final order of removal. *See* 8 U.S.C. § 1101(a)(47)(B) (providing that a removal order "shall become final upon the earlier of (i) a determination by the Board of Immigration Appeals (BIA) affirming such an order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals"). Section 1231 provides that "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the

'removal period')." 8 U.S.C. § 1231(a)(1)(A). "During the removal period, the Attorney General *shall* detain the alien." 8 U.S.C. § 1231(a)(2)(A) (emphasis added).

Here, Petitioner's order of removal became final on May 27, 2026. Therefore, the 90-day period expired before Petitioner filed the present action on October 16, 2026.

In *Zadvydas v. Davis*, 533 U.S. 678 (2001), the Supreme Court held that after expiration of the 90-day removal period, the Government may continue to detain the noncitizen for a "presumptively reasonable period" of time, which the Supreme Court concluded equaled six months. *Id.* at 701. Following that six-month period, "once [a noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* "[O]nce [a noncitizen's] removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699.

At the time that he filed the present action, Petitioner had been detained for less than six months since his final order of removal. "Although the Supreme Court established a six-month period of presumptively reasonable detention," courts have found that *Zadvydas* does "not preclude a detainee from challenging the reasonableness of his detention before such time." *See, e.g.*, *Munoz-Saucedo v. Pittman*, 789 F. Supp. 3d 387, 395–96 (D.N.J. 2025) (citing, *inter alia*, *Zadvydas*, 533 U.S. at 699–701; *Ali v. Dep't of Homeland Sec.*, 451 F. Supp. 3d 703, 706–07 (S.D. Tex. 2020); *Hoang Trinh v. Homan*, 333 F. Supp. 3d 984, 994 (C.D. Cal. 2018)); *Ali v. Dep't of Homeland Sec.*, 451 F. Supp. 3d 703, 707 (S.D. Tex. 2020) ("This six-month presumption is not a bright line, however, and *Zadvydas* did not automatically authorize all detention until it reaches constitutional limits." (citations omitted)). That is, during the six-month period of detention, "[t]he presumption of reasonableness is the default," and "the government bears no burden to justify

detention," "but if a person 'can prove' that his removal is not reasonably foreseeable, then he can overcome that presumption." *Id.* at 397 (citations omitted).

Based upon the record before the Court, Petitioner has not met his burden of proving that "there is no significant likelihood of removal in the reasonably foreseeable future" as is required at this early stage of detention. *Zadvydas*, 533 U.S. at 701. Indeed, Petitioner's removal is scheduled for November 16, 2026. Accordingly, the Court will deny Petitioner's § 2241 petition without prejudice.

Even if this Court were to consider that Petitioner has now been detained for more than six months since his order of removal became final, Petitioner would not be entitled to habeas relief. In *Zadvydas v. Davis*, the Supreme Court held that following the removal period, the Government may continue to detain the noncitizen for a "presumptively reasonable period" of time, which the Supreme Court concluded equaled a total of six months in detention. *See Zadvydas*, 533 U.S. at 701. Following that six-month period, "once [a noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* "[O]nce [a noncitizen's] removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." Id. at 699.

Here, Petitioner has not provided good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable and, even if he had, Respondent has sufficiently rebutted any argument with confirmation that Petitioner has been transferred for purposes of removal, currently scheduled to take place on November 16, 2026. Accordingly, on that basis as well, the Court will deny Petitioner's § 2241 petition without prejudice.

**Conclusion**

For the reasons discussed above, the Court will enter a judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice. (ECF No. 1.)

Dated: November 5, 2026

/s/ Jane M. Beckering
Jane M. Beckering
United States District Judge